**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

RICKEY GOLDEN
ADC # 136148                                                                                              PLAINTIFF


V.                                          5:09-cv-00088-JMM-JJV


CAROL FRYE, Secretary, Arkansas Department
of Correction, CLINTON HALL, Major,
Diagnostic Unit, Arkansas Department
of Correction; KEITH WADDLE, Disciplinary
Hearing Officer, Arkansas Department of Correction;
JAMES GIBSON, Disciplinary Hearing Officer,
Arkansas Department of Correction; and LARRY
NORRIS, Director, Arkansas Department of Correction                       DEFENDANTS


**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge James M. Moody.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff, a prisoner in the custody of the Arkansas Department of Correction now housed at the Diagnostic Unit, initiated this action by filing a *pro se* Complaint, pursuant to 42 U.S.C. § 1983, alleging that Defendants violated Arkansas Department of Correction policy in the conduct of his disciplinary conviction. The Court has carefully reviewed the documents submitted by Plaintiff and concludes he has failed to state a claim upon which relief may be granted. Accordingly, the Court recommends that Plaintiff's Complaint be dismissed and the pending motions be denied as moot.

**I.      Screening**

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court

must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(A)(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007).  In reviewing a *pro se* complaint under § 1915(e)(2)(B), the court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 112 S.Ct. 1728, 1733 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  But regardless whether a plaintiff is represented or appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F .2d 1334, 1337 (8th Cir. 1985).

**II.     Analysis**

Plaintiff has alleged that Defendant Frye denied him due process by writing him a disciplinary on December 4, 2008, for an infraction that occurred on October 30, 2008.  Plaintiff contends that because the amount of time exceeded eight days, it was a violation of his due process rights as set out in the Administrative Directive.  Plaintiff believes the Arkansas Department of Correction policy provides that a disciplinary hearing must be held within eight days "from the occurrence or discovery of the infraction."

On October 30, 2008, Plaintiff was an "Act 309" inmate in Dallas County, Arkansas.[1]

---

[1] Act 309 of 1983, codified at Ark. Code Ann. §§ 12-30-401-407 (1987 and supp.2001), provides for cooperative agreements between the Arkansas Department of Correction and county jail officials to place Arkansas Department of Correction inmates in county facilities. An Act 309

According to the exhibits accompanying Plaintiff's Complaint, Defendant Frye was notified on that date by the Dallas County Sheriff, by telephone, that Plaintiff had several times been found out of his assigned location, masturbating. The "major disciplinary" form prepared by Defendant Frye states that she began her investigation at that time and concluded it on December 3, 2008, upon receipt of written statements from a Dallas County dispatcher and the Sheriff that apparently contained Plaintiff's admissions of guilt. The form is dated December 4, 2008, and indicates that Plaintiff was notified of the charge on December 5, 2008.

Having carefully reviewed Plaintiff's complaint and accompanying documents, including the Arkansas Department of Correction policy in effect at the time Plaintiff claims his rights were violated, (Ex. D - Administrative Directive 08-42, Effective 8/1/2008), the Court finds that Plaintiff's claim is frivolous and he has failed to state a claim for which relief may be granted.

The policy specifically stated, "The Disciplinary Court's objective shall be to try all disciplinary actions within eight (8) days of the occurrence or discovery of the incident." (Ex. D, 2) The policy goes on to provide an example whereby the inmate "receiving" the disciplinary must have his case tried within eight days of the disciplinary charge having been <u>received</u>. The manual's time period of eight days clearly refers to the time between the receipt of the disciplinary charge, which for Plaintiff was on December 5th, and the disciplinary hearing, which Plaintiff states occurred on December 10th.

Additionally, the policy states the eight-day time period is only the Disciplinary Court's "objective" and does not establish an ironclad entitlement. Given Plaintiff's Act 309 status, it is only logical that several weeks passed from the time of the incident until the time the disciplinary

---

inmate, as they are commonly known, who is released to the jurisdiction of a county may be utilized to work in and around government property or projects.

action commenced. Moreover, the mere failure to follow an administrative procedure does not give rise to § 1983 liability as a matter of law. *See Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997)(no § 1983 liability for violation of prison policy). Accordingly, Plaintiff's claim is frivolous and fails to state a claim for which relief may be granted.

**III.    Conclusion**

For all these reasons,

IT IS, THEREFORE, RECOMMENDED that this action be DISMISSED and all pending motions be DENIED.

IT IS FURTHER RECOMMENDED that dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[2]

IT IS FURTHER RECOMMENDED that the Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

DATED this 13th day of October, 2009.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[2] Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . .
Dismissals pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994) are "strikes" for the purpose of § 1915(g), even though they are dismissals without prejudice. *Armentrout v. Tyra*, 175 F.3d 1023 (8th Cir. Feb. 9, 1999) (unpub. table op.)(citing *Rivera v. Allin*, 144 F.3d 719, 730-31 (11th Cir. 1998); *Patton v. Jefferson Correctional Ctr.*, 136 F.3d 458, 462-64 (5th Cir. 1998)).